IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LUBA YESIPOVICH,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

    /

No. C 15-00112 WHA

**ORDER DENYING PLAINTIFF'S MOTION TO FILE UNDER SEAL**

**INTRODUCTION**

Plaintiff moves to restrict public access or to seal court documents associated with a prior social security appeals claim. For the reasons herein, plaintiff's motion is **DENIED**.

**STATEMENT**

In April 2015, a prior order granted plaintiff Luba Yesipovich judgment in a social security appeals claim. In September 2015, a subsequent order granted plaintiff attorney's fees. In May 2018, plaintiff filed this motion requesting an order to restrict public access or to seal the case. If sealing the entire case is not feasible, plaintiff specifically requests that the April 2015 (Dkt. No. 21) and the September 2015 (Dkt. No. 30) orders be restricted or sealed from the public (Dkt. No. 31 ¶¶ 1–2).

Plaintiff argues that the motion should be granted because both orders contain sensitive medical and personal information. *First*, plaintiff allegedly suffers "great anxiety" and stress

from the fear of individuals searching her sensitive information online. This fear allegedly exacerbates her medical condition, and plaintiff has provided a doctor note as evidence of these negative impacts (Dkt. No. 31 at 3, Dkt. No. 36-A). *Second*, plaintiff asserts that public disclosure of the documents causes her fear of being located by a former perpetrator, who allegedly harassed plaintiff. Although plaintiff previously had a restraining order against the perpetrator, the order has expired. While plaintiff has moved to another city, she worries disclosure would allow him to locate her in the future (Dkt. No. 36 ¶ 2). *Third*, plaintiff worries that disclosure of the documents would make her prone to identity theft (Dkt. No. 36 ¶ 3). *Fourth*, plaintiff insists that public disclosure causes "dating discrimination" and negatively impacts her personal life (Dkt. Nos. 31, 36 ¶ 4).

**ANALYSIS**

1. **APRIL 2015 ORDER GRANTING JUDGMENT IN FAVOR OF PLAINTIFF.**

    A. **The Compelling Reason Standard.**

Because there is "strong public policy" favoring public access to court records, courts only grant a motion to seal when the moving party provides a compelling reason that outweighs the general public policies favoring disclosure, including the public interest in understanding the judicial process. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014); *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995). The "strong presumption of access to judicial records applies fully to dispositve pleadings," and courts must balance both interests of the public and the moving party. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). There are two general instances when sealing judicial documents provides a compelling reason that outweighs the public's interest in disclosure: (1) court records that could be used for improper purposes, such as the use of records to promote public scandal or to release trade secrets, and (2) court records that are "traditionally kept secret." *Id.* at 1178–79.

    B. **Plaintiff Does Not Meet The Compelling Reason Standard.**

Plaintiff fails to state a compelling reason to seal the April 2015 order rendering judgment. *First*, plaintiff's justifications are insufficient to show that the order might become a "vehicle" for improper purpose that would outweigh the presumption of public access.

2

*Kamakana*, 447 F.3d at 1179. Examples of improper purposes include the gratification of private spite, promotion of public scandal, circulation of libelous statements, or the release of trade secrets. *Ibid.* Here, there is insufficient evidence that disclosure of the April 2015 order would become a vehicle for such an improper purpose. For example, plaintiff expresses concern that public disclosure of the order would cause her to be a recurring victim of identity theft (Dkt. No. 36 at 3). Although the orders state plaintiff's full name and previous occupations, they do not reveal plaintiff's social security number, address, or any other identifying information (Dkt. No. 21 at 2). Thus, plaintiff's concern of identity theft does not constitute a compelling reason to seal the order. Plaintiff's desire to prevent others from learning about her medical and personal history, however, constitutes her most deserving argument for sealing the records. The orders disclose that plaintiff has allegedly been assaulted three times and has further been diagnosed with post-traumatic stress disorder, depression, and chronic fatigue syndrome (Dkt. Nos. 21 at 2, 5–6; 30 at 3).

Nevertheless, our court of appeals has held that the mere fact that the production of records that may lead to "embarrassment, incrimination, or exposure to further litigation" does not constitute an improper purpose. *Ibid.* Although plaintiff alleges that this sensitive information that could negatively affect her health and personal life, conclusory statements regarding documents' confidentiality and their impact will not compel a court to seal. *Ibid.* Thus, the public's right to access the dispositive order outweighs plaintiff's individual concerns.

*Second*, judicial records from social security appeals do not qualify as a "traditionally kept secret." *Id.* at 1179. Our court of appeals recognizes two types of documents as traditionally kept secrets: grand jury transcripts and warrant materials. *Id.* at 1185. Because plaintiff's records do not fall into either of these categories, the records do not satisfy the compelling reason standard.

**2.  SEPTEMBER 2015 ORDER REGARDING ATTORNEY'S FEES.**

    **A.  The "Good Cause" Standard.**

Orders attached to non-dispositive motions, however, may be sealed when there is "good cause" to protect the information from being disclosed to the public. *Id.* at 1180.

3

Because non-dispositive motions are often unrelated to a claim's underlying cause of action, the public has less of a need for disclosure. *Ibid.* The good cause standard presents a lower burden for parties wishing to seal documents than the compelling reason standard required for all dispositive motions. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 68 (9th Cir. 2010). A "particularized showing" that public disclosure would cause "annoyance, embarrassment, oppression, or an undue burden" will suffice to seal non-dispositive records. FRCP 26(c)(1); *Kamakana*, 447 F.3d at 1180 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A "good cause" showing will not, without more, satisfy a "compelling reason" test. *Ibid.*

### B. Plaintiff Has Not Met the Good Cause Standard.

Since the September 2015 order bears no relation to the merits, only "good cause" is required to justify sealing. *Kamakana*, 447 F.3d at 1179–1180. Here, plaintiff does not meet the good cause standard because her justifications fail to constitute a "particularized showing" that public disclosure would definitively cause additional embarrassment or undue burden. FRCP 26(c)(1). The September 2015 order briefly discusses plaintiff's ailments by referencing information in the April 2015 order; it contains no additional or novel personal information. Given that the September 2015 order contains an equal or lesser amount private information as the dispositive April 2015 order, it is unlikely that the disclosure of the non-dispositive order would result in any additional embarrassment or burden.

### CONCLUSION

For the foregoing reasons, plaintiff's motion to seal the orders is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 5, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE